UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

A.K. SUDA, INC.                                                              CIVIL ACTION

VERSUS                                                                        NO: 08-3971

PURVIS MARINE LIMITED                                          SECTION: "A" (5)

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 13)** filed by plaintiff A.K. Suda, Inc. Defendant Purvis Marine Limited opposes the motion. The motion, set for hearing on October 15, 2008, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff initiated this suit in state court against Purvis Marine Limited ("Purvis"). A.K. Suda alleges that Purvis owes a principal amount of $48,950 due to a breach of contract between the parties, as well as late fees pursuant to the contract, and attorney's fees (up to 40% of total). (Pet. ¶ 6-8, 11-13). However, A.K. Suda did not allege in the state court complaint that the amount sought exceeds or is less than the requisite jurisdictional amount as required by La. C.C.P. art. 893. Purvis removed the suit in accordance with 28 U.S.C. § 1441, alleging jurisdiction under the provisions of 28 U.S.C. § 1332, commonly referred to as diversity jurisdiction.

Plaintiff moves to remand the case to state court under 28 U.S.C. § 1447(c), which provides that a Court must remand the matter if it lacks subject matter jurisdiction. A.K. Suda argues that Purvis has failed in its burden of establishing that the amount in controversy exceeds $75,000, or

in the alternative, that it has proven to a legal certainty that the amount in controversy is not met in this case.

## II.  DISCUSSION

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. Id.  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id. (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case, the Defendant argues that it has proved the jurisdictional amount exceeds $75,000 by a preponderance of the evidence, and it alleges that the amount in controversy here is $76,753. (Mem. in. Opp. p. 3). Further, Purvis maintains that it may rely on the face of the complaint if it is apparent that the amount in controversy is enough. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). In its motion to remand, A.K. Suda argues that the amount in controversy is not met because interest and costs are uniformly excluded from the amount in controversy under 28 U.S.C. § 1332. (Mot. to Remand p. 3). Purvis notes that A.K. Suda must establish to a legal certainty that the claim falls below the jurisdictional amount threshold of $75,000 under DeAguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995).

The crux of A.K. Suda's argument is that $5, 874 of the claim are "late fees" under the parties' contract, and because they arise solely from Purvis' delay in paying the amount owed under the contract, the late fees are excluded from calculation of the amount in controversy. This Court agrees. The purpose of the clause "exclusive of interests and costs" in 28 U.S.C. § 1332 is to prevent a plaintiff from delaying suit until a claim, with accruing interest, exceeds the statutory minimum. Kline v. NationsBank of Va., N.A., 886 F. Supp. 1285, 1299 (E.D. Va. 1995). The Supreme Court has long distinguished between interest that is integral to a claim, and interest that is incidental to a claim. Brown v. Webster, 156 U.S. 328 (1895); see also Danial v. Daniels, 162 Fed. Appx. 288 (5th Cir. 2006).

Numerous courts have held that interest is excluded from the amount in controversy if it arises solely by virtue of a delay in payment. See Muddu Oil Refinery Ltd. v. Dykes, 2007 WL 894568 (N.D. Tex.2007); Robichaux v. Glorioso, 2000 WL 1171119 (E.D. La. 2000); Mississippi

3

Veterans Home Purchase Bd. v. State Farm, 492 F. Supp. 2d 579 (S.D. Miss. 2007).  In the instant case, the $5,874 late fee arises from contract language stating that a charge of 1.5% per month will be applied to invoices unpaid over 30 days.  This is precisely the type of interest that is meant to be excluded by the language in 28 U.S.C. § 1332, and this Court finds that it should be excluded as a matter of law.  Because the late fees are excluded (leaving the amount in controversy below $75,000), A.K. Suda has proven to a legal certainty that the amount in controversy is not met.  Additionally, the Court finds no merit in the Defendant's arguments regarding other costs and counterclaims.  Therefore, remand is proper under these circumstances.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 13)** filed by plaintiff A.K. Suda should be and is hereby **GRANTED**.  This matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

November 17, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE